**Ilene MASSEY, Appellant,**

v.

**George CARTER, et al., Respondents.**

**No. WD 67682.**

Missouri Court of Appeals,
Western District.

Oct. 2, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 20, 2007.

Application for Transfer Denied
Dec. 18, 2007.

Herbert W. McIntosh, Kansas City, MO, for appellant.

Kenneth E. Holm, John J. Gates, Kansas City, MO, for respondents.

Before THOMAS H. NEWTON, P.J., PAUL M. SPINDEN, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Presiding Judge.

### Factual and Procedural Background

Ms. Ilene Massey brought a personal injury lawsuit against Mr. George L. Carter. After a jury verdict for Mr. Carter, Ms. Massey filed a motion for new trial on the basis of juror misconduct. In the motion for new trial, Ms. Massey claimed that Juror Stephen Pack failed to disclose information about prior litigation experience. During voir dire, Ms. Massey's counsel asked the panel, "Have any of you ever been sued by anyone?" Juror Pack did not respond.

During a post-trial hearing, evidence was adduced that Juror Pack had five collection lawsuits filed against him and three of the five were recent lawsuits. A witness testified that Juror Pack knew about two of the recent lawsuits and the subsequent default judgments entered against him and his wife. Juror Pack testified that he remained silent when the question was asked because he did not consider debt collection as "being sued." He also stated that the collection lawsuits never came to his mind because he thought the question was limited to personal injuries, car accidents, or other matters similar to the trial. The trial court denied the motion for new trial, ruling the "question was not a clear question" and "Juror Stephen Pack's nondisclosure was unintentional." Ms. Massey appeals.

### Standard of Review

In reviewing a denial of a motion for new trial based on juror nondisclosure, this court must determine whether the trial court abused its discretion in finding that the nondisclosure was unintentional and that the unintentional nondisclosure did not prejudice the movant. *Ewing v. Singleton*, 83 S.W.3d 617, 620–21 (Mo.App. W.D.2002). Although this court reviews the finding of unintentional nondisclosure for abuse of discretion, we review the clarity of the question *de novo. Id.*

### Legal Analysis

Ms. Massey argues that the trial court erred in finding that counsel's question about participation in prior lawsuits during voir dire was not clear and that Juror Pack's failure to disclose his prior litigation experience was unintentional. Additionally, he argues that the trial court erred in failing to grant a new trial based on juror misconduct.

A venireperson has a duty to fully, fairly, and truthfully answer all questions asked of him or her specifically, and

those asked of the panel generally. *Id.* at 621 (internal quotation marks omitted). The duty to disclose is triggered only after a clear question has been asked. *Brines v. Cibis,* 882 S.W.2d 138, 139 (Mo. banc 1994). Failure to answer is considered nondisclosure, which can be either intentional or unintentional. *Id.* There is no nondisclosure if counsel does not ask a clear question. *Id.* A clear question is one that solicits a layperson to provide the undisclosed information. *Ewing,* 83 S.W.3d at 621. "The interpretation depends on the context of the question as well as the wording of the question." *Id.*

At voir dire, before inquiring about the panel's previous litigation experience, counsel asked:

> I believe I was asking you about anybody who had been injured in a car wreck, and I know there [were] numerous hands.

Several venirepersons disclosed their accidents and injuries. Afterward, counsel individually asked them slight variations of the following two questions:

> Did you make a claim because of that?
>
> . . . .
>
> Anything about that experience that you think would have an effect on you in this trial?

After the exchange with the last venireperson, counsel remarked:

> Thank you very much. Have any of you ever filed a lawsuit?

Because a venireperson mentioned filing a claim as a homeowner, the trial court stated:

> He's talking about a situation where you, either yourself or through a lawyer, came down to the courthouse and filed a petition or a complaint against somebody and went through the legal system to resolve it.

The venireperson explained that her claim progressed to a lawsuit. Counsel asked the individual if she was satisfied with the results and if that experience affected her. After her response, counsel asked:

> Let me ask the other flip side of that. Have any of you ever been sued by anyone? [No responses were indicated in the transcript.] Have any of you ever made a workers' compensation claim?

Mr. Carter claims that the question was unclear because personal injury questions were asked immediately before and after the question at issue and no effort was made to explain that the lawsuits could include domestic matters, taxes, or landlord-tenant actions, citing *Payne v. Cornhusker Motor Lines, Inc.,* 177 S.W.3d 820 (Mo.App. E.D.2005), for support. In *Payne,* the appellant argued that a new trial should have been granted based on the failure of six jurors to disclose their status as either a plaintiff or defendant in tax collection lawsuits, various property lawsuits, and domestic relations lawsuits. 177 S.W.3d at 842. During voir dire, the plaintiff's and defendant's counsel asked general questions concerning litigation experience, but immediately after no response from the venire panel, asked specific questions about lawsuits concerning personal injuries. *Id.* at 841–42. The *Payne* court found a clear question was not asked because none of the specific questions that followed the general questions requested the undisclosed information. *Id.* at 843. *Payne* is factually distinguishable from this case.

The general question in this case was not followed by more questions honing in on specific lawsuits as those asked in *Payne.* Thus, it remained a general question despite the fact that counsel subsequently asked about workers' compensation claims. In its context, the question was clear. And involvement in any lawsuit

as a defendant was solicited by the question at issue. Juror Pack's failure to disclose was a nondisclosure.

Next, we determine whether the nondisclosure was intentional or unintentional. Intentional nondisclosure occurs when a venireperson "has no reasonable inability to understand the question and either actually remembers the experience or the purported forgetfulness is unreasonable." *Ewing*, 83 S.W.3d at 621. Unintentional nondisclosure occurs when the venireperson does not remember "the experience, or it was insignificant or remote in time, or when the [venireperson] reasonably misunderstands the question posed." *Id.*

Mr. Carter claims that the nondisclosure was unintentional because Juror Pack was confused as to what the question was asking. Confusion may result when counsel narrows the focus of the question. *See Aliff v. Cody*, 987 S.W.2d 439, 442–43 (Mo.App. W.D.1999). Juror Pack testified that he thought the question pertained to litigation involving automobile accidents and personal injuries. Mr. Carter argues that Juror Pack could have believed the question was addressed to those who were injured in car accidents and whether they filed lawsuits.

Again, counsel addressed the venire panel by posing the question, "Have any of you ever been sued by anyone?" Clearly, he was talking to the entire venire panel rather than a specific group who had responded to a question about sustaining personal injury from car accidents. As indicated above, another venireperson understood that the question about filing a lawsuit referred to any type of lawsuit as defined by the court and being sued was labeled the "flip side" of filing a lawsuit. Thus, Juror Pack's inability to understand the question was not reasonable.

Mr. Carter also claims that because the collection lawsuits did not enter the mind of Juror Pack and Juror Pack did not consider the collection lawsuits as "being sued" that his nondisclosure was unintentional. The consent judgment that he signed only weeks before the trial listed him as a defendant. A reasonable person would have understood that he or she was being sued.

The claim that the suits did not enter his mind is a species of forgetfulness, so we determine if his forgetfulness is reasonable. *See Hatfield v. Griffin*, 147 S.W.3d 115, 120 (Mo.App. W.D.2004). He testified that he did not tell the court about the collection lawsuits because he felt that he was the wrong person being sued. This statement indicates that the experience was significant so that his purported forgetfulness is unreasonable. Furthermore, the recent vintage of his litigation experience renders his forgetfulness unreasonable. *See id.* The trial court abused its discretion in ruling Juror Pack's nondisclosure was unintentional. This point is granted.

### Conclusion

In conclusion, Juror Pack's failure to tell the trial court that he was a defendant in several collection lawsuits was intentional nondisclosure because the question was clear, and his inability to understand the question and his purported forgetfulness were unreasonable. Because intentional nondisclosure about prior litigation is prejudice *per se*, requiring a new trial, *id.*, we reverse and remand.

PAUL M. SPINDEN, and RONALD R. HOLLIGER, JJ., concur.