

# SUPREME COURT OF MISSOURI
# en banc

UNION ELECTRIC CO.         )
d/b/a AMEREN MISSOURI,     )
                             )
      Appellant,          )
                             )
vs.                          )     No. SC93083
                             )
DIRECTOR OF REVENUE,     )
                             )
      Respondent.       )

**Petition for Review of a Decision of the Administrative Hearing Commission
The Hon. Sreenivasa Rao Dandamudi, Commissioner**

*Opinion issued March 11, 2014*

Union Electric Company, doing business as Ameren Missouri sought a refund for sales tax paid on electricity and natural gas energy provided to 40 Schnucks grocery stores[1] for operating equipment such as ovens, retarders and proofers in those stores' bakery departments. Ameren alleged that the bakery departments' energy costs fell within a statutory sales tax exemption for energy used in "processing" products. *See § 144.054.2.*[2] The Director of Revenue denied the refund, and the Administrative

---

[1] Ameren brings suit rather than Schnucks because, as the seller, it is the entity that remitted to the State the sales tax Schnucks paid on the energy purchased for use in its bakery departments. *See § 144.021; § 144.190, RSMo Supp. 2007.*

[2] All citations to section 144.054 are to RSMo Supp. 2007. All other statutory references are to RSMo 2000, unless otherwise indicated.

Hearing Commission (AHC) agreed. Ameren petitions for review.

This Court affirms. Ameren seeks the benefit of an exemption from taxation. Exemptions are strictly construed, and the burden is on the taxpayer to demonstrate that the exemption applies. On similar facts in *Aquila Foreign Qualifications Corporation v. Director of Revenue*, 362 S.W.3d 1, 2 (Mo. banc 2012), this Court rejected the argument that cooked items sold by Casey's stores fall within the processing exemption. The Court here reaffirms *Aquila*'s holding that "processing," as used in section 144.054.2, does not include in-store preparation of cooked goods for retail sale.[3] The Court rejects Ameren's argument that its sale of energy to Schnucks for use in its bakery departments fits within an exemption example in a regulation promulgated pursuant to section 144.054. Even had the example applied, however, a regulation cannot expand the meaning of a statute. The AHC was correct in rejecting Ameren's exemption claim.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Schnucks grocery stores include "bakery departments" that sell a variety of baked goods such as cookies, doughnuts, sheet cakes, bagels, breads, stollens, Danish rolls and pies. The baked goods are not made from scratch on the premises but instead arrive at the store either fully or partially formed and frozen or in the form of frozen dough. The products are prepared for sale in a separate room behind each bakery department's retail

---

[3] This Court today hands down another case analyzing section 144.054.2, *AAA Laundry & Linen Supply Co. v. Director of Revenue*, -- S.W.3d -- (Mo. banc 2014), which similarly interprets and applies the statutory analysis set out in *Aquila* and in *Brinker Missouri, Inc. v. Director of Revenue*, 319 S.W.3d 433 (Mo. banc 2010) (factually similar precedent but construing section 144.030.2), to deny an exemption based on an overly

area. Depending on the product, Schnucks employees may utilize retarders to thaw frozen dough, proofers to make dough rise, and ovens and fryers for cooking, among other pieces of equipment, to finalize preparation of the baked goods for retail sale in the bakery department. Schnucks purchases electricity and natural gas from Ameren to operate this equipment.

Section 144.054.2, enacted in 2007, exempts from sales tax "electrical energy and gas … used or consumed in the manufacturing, processing, compounding, mining, or producing of any product." After meeting with an energy consultant, Schnucks requested that Ameren apply for a refund of the sales tax paid on energy purchased for the bakery departments[4] between the statute's effective date of August 28, 2007, and April 30, 2009. Ameren applied for the refund in May 2009. The Director denied the refund request, and Ameren sought review by the AHC, which affirmed. The AHC found that Schnucks' use of energy to thaw, retard, proof, fry and otherwise prepare the baked goods for sale and consumption did not constitute "processing" of products but rather was part of cooking or preparing the baked goods for retail sale and, therefore, did not fall within the exemption.

In so finding, the AHC rejected Ameren's argument that, even if Schnucks' preparation of baked goods does not constitute "processing" under the statute, it still should be exempt from taxation because the Schnucks bakery departments fit within an

---

broad reading of "processing."

[4] The refund amount sought was prorated based on the Schnucks stores' overall energy consumption and the square footage occupied by the bakery departments. The Director challenged Ameren's refund calculations on this basis below, but this dispute was rendered moot by the AHC's finding that Ameren was not entitled to a refund.

example referencing bakeries set out in the Director's regulation implementing section 144.054.2. *See 12 CSR 10-110.621(4)(O).* The AHC found that a Schnucks store's bakery department did qualify as a "bakery" as that word is used in the regulatory example in question. But it also found the example to be in conflict with this Court's interpretation of section 144.054.2 in *Aquila* and, so, it did not provide a basis on which to grant the exemption. Ameren filed a petition for review in this Court. Because this case involves the construction of a revenue statute, this Court has exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## II.   STANDARD OF REVIEW

A decision of the AHC will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature. *§ 621.193; Brinker Missouri, Inc. v. Dir. of Revenue, 319 S.W.3d 433, 435 (Mo. banc 2010).* The Court reviews the AHC's interpretation of revenue statutes *de novo. Brinker, 319 S.W.3d at 435, quoting Zip Mail Servs. Inc. v. Dir. of Revenue, 16 S.W.3d 588, 590 (Mo. banc 2000).* Factual determinations will be upheld if supported by substantial evidence based on review of the whole record. *Brinker, 319 S.W.3d at 435* (internal citations omitted).

## III.  AMEREN DID NOT SHOW THAT SCHNUCKS BAKERY DEPARTMENTS ENGAGE IN "PROCESSING" UNDER SECTION 144.054.2

The question before this Court is whether Ameren has shown that the energy purchased to operate Schnucks' bakery departments qualifies for section 144.054.2's tax

exemption on certain energy purchases. Section 144.054.2 in relevant part exempts from sales and use tax:

> [E]lectrical energy and gas, whether natural, artificial, or propane, water, coal, and energy sources, chemicals, machinery, equipment, and materials used or consumed in the manufacturing, processing, compounding, mining, or producing of any product ….

*§ 144.054.2.*

"Processing" is defined in section 144.054.1(1) as "any mode of treatment, act, or series of acts performed upon materials to transform or reduce them to a different state or thing." Ameren argues that Schnucks' food preparation activities constitute "processing" for purposes of section 144.054.2 because Schnucks' bakery departments transform the raw frozen dough that they receive into edible baked goods by using energy and equipment to defrost the dough, allow it to rise, and bake it. While the Director says what Schnucks does is merely called cooking, Ameren argues these actions transform raw products into a different state and, therefore, come within the definition of "processing." Ameren further argues that, because *Aquila* found the definition of "processing" as used in the statute to be ambiguous, this Court should read the term broadly.

The AHC's interpretation of a revenue statute is a matter of law that this Court reviews *de novo*. *Aquila, 362 S.W.3d at 3*. Here, the issue is the meaning of a tax exemption. The taxpayer has the burden to demonstrate that the exemption applies. *Id.; Brinker, 319 S.W.3d at 436*. "An exemption is allowed only upon clear and unequivocal proof, and doubts are resolved against the party claiming it." *Brinker, 319 S.W.3d at 437*.

An exemption, therefore, will be construed narrowly. *Id.*

In determining the meaning of a word in a statute, the Court will not look at any one portion of the statute in isolation. Rather, it will look at the word's usage in the context of the entire statute to determine its plain meaning. *Aquila, 362 S.W.3d at 4; BASF Corp. v. Dir. of Revenue, 392 S.W.3d 438, 444 (Mo. banc 2012); see also Brinker, 319 S.W.3d at 437* ("[S]tatutory provisions are 'not read in isolation but [are] construed together, and if reasonably possible, the provisions will be harmonized with each other' … Exemptions are interpreted to give effect to the General Assembly's intent, using the plain and ordinary meaning of the words") (internal citations omitted).

In this case, because the word at issue appears in the statute within a list of words, the Court will apply the principle of statutory construction known as *noscitur a sociis* − a word is known by the company it keeps. *Aquila, 362 S.W.3d at 5.* Under this principle, a court looks to the other words listed in a statutory provision to help it discern which of multiple possible meanings the legislature intended. *Albanna v. State Bd. of Registration for Healing Arts, 293 S.W.3d 423, 431 (Mo. banc 2009).* If the meaning of a word is unclear from consideration of the statute alone, a court will interpret the meaning of the statute *in pari materia* with other statutes dealing with the same or similar subject matter. *BASF, 392 S.W.3d at 444.*

The statutory construction process is simplified here because *Aquila* already has determined the meaning of the term "processing" as used in section 144.054.2 in the course of rejecting a very similar argument on very similar facts. In that case, Casey's General Stores, through its utility provider, filed for a sales tax refund on electricity

6

purchased for two Casey's locations. Aquila argued that Casey's food preparation operations, which included in-store cooking and preparation of pizza dough and cake doughnuts for retail sale, fell within the "processing" exemption of section 144.054.2. *Aquila, 362 S.W.3d at 2-3.*

This Court agreed with Aquila that section 144.054.1(1)'s definition of "processing" as "any mode of treatment, act, or series of acts performed upon materials to transform or reduce them to a different state or thing" creates some ambiguity as to the full range of activities that are intended to be included within the meaning of that word. *Id. at 3.* But, the Court held, that did not mean "processing" included cooking and finishing the preparation of food products for retail sale in the Casey's stores. Rather, the Court looked to the principles of statutory construction just discussed to construe the ambiguous term.

Applying the principle set out in *Pollard v. Board of Police Commissioners, 665 S.W.2d 333, 341 n.13 (Mo. banc 1984)*, that it is wise to consider other words used in the same context "where a word is capable of many meanings in order to avoid the giving of unintended breadth [] in statutory construction," the *Aquila* court observed that:

> Section 144.054.2 lists "processing" along with "manufacturing," "compounding," "mining," and "producing." The industrial connotations of those terms in section 144.054.2 indicate that the legislature did not intend "processing" to include food preparation for retail consumption. To so interpret section 144.054.2 would give it unintended breadth. If the legislature intended "processing" to encompass retail food sales by restaurants or convenience stores, it could have used terms such as "preparing," "furnishing," or "serving." But instead it chose industrial-type terms, such as "manufacturing," "processing," "compounding," "mining," or "producing."

7

*Aquila, 362 S.W.3d at 5* (internal citation omitted). The Court noted that other provisions of the tax statutes refer to the "furnishing" of food; if the legislature had wanted to exempt retail food sales, it knew how to do so but did not do so here. *Id.* It concluded that Casey's was ineligible for the tax exemption because "the preparation of food for retail consumption is not 'processing' within the meaning of section 144.054.2." *Id. at 6.*

In reaching this holding, *Aquila* relied closely on *Brinker,* which applied the same rules of statutory construction to resolve a similar issue. There, a corporation that owned and operated more than twenty restaurants sought a refund of use tax paid on kitchen equipment, furniture, utensils, and other items it used to prepare and serve food to customers. Brinker claimed, in part, that its equipment was exempt from taxation under section 144.030.2(5), which exempted equipment "used directly in manufacturing, mining, or fabricating a product which is intended to be sold ultimately for final use or consumption." *Brinker, 319 S.W.3d at 436.* This Court rejected Brinker's argument. It held that, in determining whether the legislature intended the exemption to include equipment used in preparing and cooking food, "[w]ords used in proximity to one another must be considered together," *id. at 437*, that statutory provisions must be read and construed together, and that tax exemptions must be strictly construed against the taxpayer. *Id.* It found that the restaurants did not qualify for the exemption.

The analysis set out in *Aquila* and *Brinker* applies here. Because "processing" is used in an exemption statute, the term will be narrowly construed, and the burden is on Ameren to show that Schnucks' preparation of baked goods for sale in its stores falls within this exemption. Ameren has not done so here. The exemption for "processing" is

8

part of an exemption for "electrical energy and gas … used or consumed in the manufacturing, processing, compounding, mining, or producing of any product." *§ 144.054.2.* These activities are what can best be described as large-scale industrial activities, not on-site cooking or preparing of food for retail sale. One does not speak of a grocery store bakery department as "processing" baked goods any more than one speaks of it as manufacturing, compounding or producing such goods. *See Brinker, 319 S.W.3d at 438* ("In lay terminology, one does not speak of a restaurant as manufacturing or producing food or drink …"). The term "processing" does not encompass the on-site thawing, proofing, cooking, frying or other preparation of frozen or partially prepared dough for sale as consumable baked goods in retail markets.

Recognizing that a nearly identical argument had been rejected in *Aquila,*[5] Ameren also argues that whatever section 144.054.2 may say and however it may apply to future situations, Schnucks had a right to rely on an example in a regulation issued by the Director that said bakeries would qualify for the exemption. Example (O) states:

---

[5] Ameren argues that the activities of Schnucks' bakery departments can be distinguished from those of Casey's in *Aquila* because it says Casey's engages in "restaurant-type" sales of food for immediate consumption, while Schnucks' baked goods are not consumed immediately on the premises. *Aquila* did not limit its holding to food preparations for on-site or "restaurant-type" consumption. *Aquila* explicitly recognized that Casey's "is a convenience store engaged in the *retail sale* of gas, grocery items, various nonfood items, and prepared foods." *362 S.W.3d at 2* (emphasis added). More importantly, the distinction is unavailing because the statute does not include either Schnucks or Casey's food preparations in its exemption for "processing" activities. Casey's arguably had a stronger "processing" argument than does Schnucks, because its pizza and doughnut doughs are made in the store from scratch. Yet its exemption claim was rejected because it still is cooking and preparing rather than processing those products into retail goods for sale.

> A bakery creates baked goods for sale directly to the public or through retailers. The energy sources, chemicals, machinery, equipment, and materials used by the bakery are exempt from state sales and use tax and local use tax, but not local sales tax.

*12 CSR 10-110.621(4)(O)*. Ameren argues that because *Aquila* did not specifically invalidate example (O), which was not at issue in that case, example (O) is still a valid part of the regulation. Ameren further argues that, because the AHC found that Schnucks is a "bakery" as that word is used in the example, this Court is now bound by that finding and, therefore, Ameren and Schnucks can take advantage of the example and claim the exemption, even if the example is inconsistent with the statute.

Ameren's argument turns the rules for statutory construction on their head. This Court has held that the statute does not permit an exemption for the type of food preparation activities Schnucks bakery departments conduct. While administrative regulations are "entitled to a presumption of validity and may 'not be overruled except for weighty reasons,'" *State ex rel. Mo. Pub. Defender Comm'n v. Waters, 370 S.W.3d 592, 602 (Mo. banc 2012)* (internal citation omitted), "[t]he rules or regulations of a state agency are invalid if they are beyond the scope of authority conferred upon the agency, or if they attempt to expand or modify statutes." *PharmFlex, Inc. v. Div. of Emp. Sec., 964 S.W.2d 825, 829 (Mo. App. 1997); accord Hansen v. State, Dep't of Soc. Servs., Family Support Div., 226 S.W.3d 137, 143-44 (Mo. banc 2007).*[6] If a regulation is inconsistent

---

[6] *Accord Bridge Data Co. v. Dir. of Revenue, 794 S.W.2d 204, 207 (Mo. banc 1990)* ("Taxes may be authorized only by statute, and the director may not add to, subtract from, or modify the revenue statutes by regulation."), *abrogated on other grounds by Int'l Bus. Mach. Corp. v. Dir. of Revenue, 958 S.W.2d 554, 559 (Mo. banc 1997); Brown*

10

with the statute, it is the statute, not the regulation, that this Court will apply. *Mo. Pub. Defender, 370 S.W.3d at 598-99; Parmley v. Mo. Dental Bd., 719 S.W.2d 745, 755 (Mo. banc 1986).* For these reasons, even had the AHC been correct that the activities of Schnucks' bakery departments fall within the bakery example, Ameren would not be entitled to claim an exemption because the statutory term "processing" does not encompass Schnucks' activities in preparing baked goods for retail sale in its bakery departments.

In any event, Ameren is incorrect in suggesting that this Court is bound by the AHC's determination that a retail bakery department in a Schnucks grocery store falls within the meaning of "bakery" as used in example (O). The issue before the Court is not a factual question whether Schnucks fits within the settled meaning of the term "bakery," but the construction to be given that term in the exemption regulation. This is a question of law that this Court determines *de novo*. *See, e.g., Brinker, 319 S.W.3d at 435.* This Court finds that the AHC erred in determining the meaning of the word "bakery" in example (O). Its analysis was based on an expansive reading of the word "bakery" to include the retail bakery department of a grocery store that uses equipment to do the final preparation and cooking of the baked goods it sells. Example (O) does not refer to retail or grocery store operations. Nothing in example (O) or in the regulation or statute

*v. Melahn, 824 S.W.2d 930, 933 (Mo. App. 1992)* ("Rules are void if they are beyond the scope of the legislative authority conferred upon the state agency or if they attempt to expand or modify the statutes").

suggests that the term "bakery" should be defined so broadly.[7]

Indeed, an expansive reading of that term is barred by the fact that this case involves an exemption from tax. The taxpayer bears the burden to demonstrate its entitlement to the exemption by clear and unequivocal proof. *Aquila, 362 S.W.3d at 3.* Tax exemptions will be strictly construed against the taxpayer, and doubts as to the taxpayer's eligibility will be resolved in favor of taxation. *Id.* Example (O) is contained in a regulation applying a statute that, as described above, applies only to industrial-type processing, not mere retail finishing preparation of bakery products for sale. This Court will interpret the regulation, and its examples, narrowly so that they are consistent with the statute under which they are promulgated. Ameren's broad reading of the word "bakery" in example (O) is incorrect.

Finally, Ameren is incorrect in its related argument that, even if the regulation's bakery example is inconsistent with the statute, it is entitled to claim the exemption until the example is withdrawn because the Director cannot retroactively narrow a regulation's reach without engaging in the "stringent and lengthy process of rulemaking as required under section 536.021" of the Missouri Administrative Procedures Act, citing *Greenbriar Hills Country Club v. Director of Revenue, 47 S.W.3d 346, 357 (Mo. banc 2001).* *Greenbriar* nowhere suggests, nor could it, that this Court must apply a regulation in a manner that is inconsistent with the governing statute.[8] To the contrary, the cases

---

[7] For these reasons, this case does not require the Court to reach the validity of example (O).

[8] In fact, *Greenbriar* noted that although the regulations before it were "arguably

referred to above have recognized repeatedly that a statute prevails over a regulation and that a regulation cannot expand or modify a statute. *See, e.g., Hansen, 226 S.W.3d at 143-44*. *Greenbriar* neither modifies nor is inconsistent with these principles.

## IV.    CONCLUSION

The decision of the Administrative Hearing Commission denying Ameren's tax refund claim is affirmed.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

---

inconsistent with [another statutory provision]" they were "fully consistent with the tax code section with which they [were] specifically identified." *47 S.W.3d at 356.*