W. Brent Powell, Judge, dissenting.
I respectfully dissent. BNSF did not waive its juror nondisclosure claim related to automobile accident history based on Rule 69.025, as the principal opinion maintains.
*781 By its plain language, Rule 69.025 is limited to claims that a juror "failed to disclose that he or she has been a party to litigation." Nothing in the text of Rule 69.025 provides it applies to claims of juror nondisclosure beyond litigation history, such as a juror's failure to disclose a family member had been involved in an automobile accident. The principal opinion's expansive application of Rule 69.025 strays beyond the rule's plain language and does not comport with this Court's principles of interpretation.
"This Court interprets its rules by applying the same principles used for interpreting statutes." Buemi v. Kerckhoff , 359 S.W.3d 16, 20 (Mo. banc 2011). Therefore, the primary principle for interpreting a rule is to give effect to this Court's intent as reflected in the plain language of the rule. See id. ; see also Parktown Imps., Inc. v. Audi of Am., Inc. , 278 S.W.3d 670, 672 (Mo. banc 2009). As with a statute, this Court does not look at any one portion of a rule in isolation when interpreting the meaning of the rule. See Union Elec. Co. v. Dir. of Revenue , 425 S.W.3d 118, 122 (Mo. banc 2014). Rather, this Court considers the context of the entire rule to determine its plain meaning. See id.
Pursuant to Rule 69.025, claims of juror nondisclosure may be waived unless a party informs the court of suspected nondisclosure before the jury is sworn. But not all claims of juror nondisclosure are governed by Rule 69.025 because the text of the rule limits its applicability to specific juror nondisclosure claims. The plain language of Rule 69.025 speaks to juror nondisclosure of litigation history. The rule does not mention or refer to any other juror nondisclosure claim. Subdivision (c) of the rule requires a court to "give all parties an opportunity to conduct a reasonable investigation as to whether a prospective juror has been a party to litigation ." (Emphasis added). Subdivision (d) of the rule, titled "Procedure When Nondisclosure Is Suspected," requires a party to inform the court before the jury is sworn when the party "has reasonable grounds to believe that a prospective juror has failed to disclose that he or she has been a party to litigation ." (Emphasis added). Subdivision (e) of the rule provides a party waives a claim of juror nondisclosure if the party fails to inform the court before the jury is sworn of "reasonable grounds to believe a prospective juror has failed to disclose that he or she has been a party to litigation ." (Emphasis added).
These provisions of Rule 69.025 specifically limit the application of the rule to claims that a juror has failed to disclose that he or she has been a party to litigation. Subdivision (c) of the rule does not require a court to provide an opportunity for the parties to investigate anything other than juror litigation history. Subdivision (d) of the rule does not require a party to inform the court of anything other than juror nondisclosure of litigation history. And subdivision (e) of the rule does not provide for the waiver of a juror nondisclosure claim for anything other than the failure to disclose litigation history. Considering the context of the entire rule, Rule 69.025 applies only to juror nondisclosure of litigation history.[1] Thus, BNSF's claim-that the juror failed to disclose a family member had been involved in an automobile accident-alleges nondisclosure *782 that is not within the purview of Rule 69.025.
The principal opinion, however, holds Rule 69.025 applies not only to nondisclosure of litigation history but also to nondisclosure of "pertinent facts" that are "readily apparent" from a Case.net search. Op. at 776, n.7. As Rule 69.025 does not speak of such "pertinent facts," this holding finds no support in the plain language of the rule. The principal opinion does not suggest otherwise, as its analysis does not cite any specific language in Rule 69.025. Nevertheless, the principal opinion reasons "it is fair" to charge a party with constructive knowledge of such "pertinent facts." Op. at 776, n.7. This reflects a policy preference rather than principles of interpretation. This Court's principles of interpretation "are not intended to be applied haphazardly or indiscriminately to achieve a desired result." Parktown Imps. , 278 S.W.3d at 672. "This Court is constrained by the language of [a rule] when construing it and may not find a meaning that is not supported by the language of the rule." Buemi , 359 S.W.3d at 20.
If this Court believes it would be good policy for Rule 69.025 to apply to juror nondisclosure of any facts readily apparent from a Case.net search, then it may simply amend the rule to provide for such application in future cases. See Mo. Const. art. V, § 5. In the meantime, this Court must apply the rule as it is written. As written, Rule 69.025 does not apply to a claim that a juror failed to disclose that a family member had been involved in an automobile accident. Accordingly, the common law, not Rule 69.025, applies to this issue, and BNSF preserved its juror nondisclosure claim by raising the claim when it first gained actual knowledge of the nondisclosure. See Brines by and through Harlan v. Cibis , 882 S.W.2d 138, 140 (Mo. banc 1994). I therefore dissent.

The text of Rule 69.025 aligns with the facts of Johnson v. McCullough , 306 S.W.3d 551 (Mo. banc 2010), which was the impetus for the rule's adoption. In that case, the prospective juror specifically failed to disclose the fact she had been a party to litigation, as she did not respond affirmatively to the question: "Now not including family law, has anyone ever been a plaintiff or a defendant in a lawsuit before?" Id. at 554-55.