Carolynne M. KIEFFER,
Plaintiff/Appellant,

v.

Michael J. GIANINO, and Dawn M. Gianino, Defendants/Respondents.

No. ED 92889.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 2010.

Carolynne M. Kieffer, St. Louis, MO, pro se.

Michael J. Gianino, Madeira Beach, FL, pro se.

Dawn M. Gianino, Winfield, MO, pro se.

KURT S. ODENWALD, Presiding Judge.

Carolynne M. Kieffer (Appellant) appeals from the trial court's entry of judgment, dismissing her claim against Michael J. Gianino (Defendant) and denying her Motion of Revival Judgment as to Defendant.[1] We dismiss the appeal for failure to comply with the rules of appellate procedure.

Although we have discretion to review Appellant's appeal despite her failure to comply with the rules governing briefs and records to be filed with this Court on appeal, see Prosser v. State, 243 S.W.3d 496, 498 (Mo.App. E.D.2008), we will not exercise this discretion in instances such as here, where the failure substantially impairs our ability to conduct a meaningful review.

## 1. Points Relied On— Rule 84.04(d)(1)

First, Appellant's Points Relied On do not comply with Rule 84.04(d)(1 Appellant's points fail to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). As an illustration of the deficiency of Appellant's points, we set out one point and its argument verbatim:

THE COURT ERRED AND ABUSED OR EXCEEDED ITS DISCRETION WHEN IT ENTERED AN ORDER CLARIFYING ITS JUNE 30, 2008 ORDER BECAUSE THE COURT DID NOT HAVE JURISDICTION TO ENTER AN ORDER AFTER IT LOST JURISDICTION BY ORDER OF LAW ON OR ABOUT OCTOBER 23, 2008. Murphy v. Carron, 536 S.W.2d 30, 31 (Mo. banc 1976[).]

The court erred and abused its discretion when, having lost jurisdiction on or about October 23, 2008, it entered its orders in this case.

The standard of review in a judge-tried case is that the judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 31 (Mo. banc 1976)[.]

Our requirement that a party's point relied on clearly state the contention on appeal "is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." Thummel v. King, 570 S.W.2d 679, 686 (Mo.App.1978). The purpose of Rule 84.04(d)(1) is to pro-

---

1. Defendant Dawn M. Gianino is not a party to this appeal.

vide notice to the opposing party "as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo.App. E.D.2009), *quoting Eddington v. Cova*, 118 S.W.3d 678, 681 (Mo.App. S.D.2003). Failure to comply with Rule 84.04(d) preserves nothing for appeal. *Washington*, 286 S.W.3d at 821. Appellant fails to state the basis for her claim that the trial court lacked jurisdiction, and failed to cite any cases in support of this general contention. Appellant's citation to the standard of review does not satisfy her burden to precisely state the issues presented for review.

### 2. Argument—Rule 84.04(e)

Second, Kieffer's arguments under each of her points fail to comply with Rule 84.04(e). Among other things, Rule 84.04(e) requires that the argument include a concise statement of the applicable standard of review for each claim of error. Although Kieffer is appealing from the trial court's dismissal of her claim against Defendant, for each of her points on appeal she cites to the standard of review for a judge-tried case, *Murphy v. Carron*, 536 S.W.2d at 31.

Again, to highlight the substantial deficiency of Kieffer's briefing, we will refer to the point and argument previously reproduced verbatim, as it is illustrative of the substance of her other points and argument. After erroneously citing to *Murphy*, Kieffer merely restates her vague, conclusory point with even less detail, and then sets out the standard of review for a judge-tried case. Her argument fails to sufficiently identify the trial court's ruling she is challenging, fails to state the legal reasons for her claim of reversible error, and gives absolutely no explanation as to why, in the context of this case, any legal

reasons support her claim of reversible error.

■ Kieffer appears before this Court pro se; Defendant is likewise unrepresented on appeal. Pro se appellants are held to the same standards as are attorneys. *Prosser*, 243 S.W.3d at 497. Allowing Kieffer to proceed despite her lack of compliance with procedural rules would be akin to granting her preferential treatment over her unrepresented counterpart, violating principles of judicial impartiality, judicial economy, and fairness. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.*, 277 S.W.3d 749, 752 (Mo.App. E.D.2008).

Kieffer's substantial noncompliance forces us to speculate on the argument. "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Prosser*, 243 S.W.3d at 498.

An appellant's failure to comply with the rules and requirements constitutes grounds for dismissal. *First State Bank of St. Charles*, 277 S.W.3d at 751–52. Kieffer's failure to comply impedes our ability to reach a disposition on the merits to such an extent that we could not conduct a meaningful review without improperly advocating for Kieffer. *Id.* at 752.

### Conclusion

The appeal is dismissed.

GEORGE W. DRAPER III, J., and GARY M. GAERTNER, JR., J., Concur.