Deanna PORTER, Employee/Claimant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 93933.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 2010.

Deanna Porter, St. Charles, MO, pro se.

Shelly A. Kintzel, Jefferson City, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

Deanna Porter (Claimant) appeals *pro se* from a final order of the Labor and Industrial Relations Commission. The Commission's order affirmed the Division of Employment Security Appeals Tribunal's decision denying Claimant unemployment compensation benefits. Because Claimant's brief fails to substantially comply with the appellate briefing requirements as provided by Rule 84.04 [1], we dismiss the appeal.

*Pro se* appellants are held to the same standard as licensed attorneys. *Blakey v. AAA Professional Pest Control,* 219 S.W.3d 792, 794 (Mo.App. E.D.2007). Hence, pro se appellants must comply with the mandatory requirements of Rule 84.04 regarding appellate briefing. *Johnson v. Buffalo Lodging,* 300 S.W.3d 580, 582 (Mo. App. E.D.2009). A *pro se* appellant is not granted preferential treatment if he or she fails to meet the requirements of Rule 84.04. *Thornton v. City of Kirkwood,* 161 S.W.3d 916, 919 (Mo.App. E.D.2005). Failure to comply with Rule 84.04 constitutes grounds for dismissal of the appeal. *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007).

Substantial compliance with Rule 84.04 is required in order to give proper notice to the party opponent of the precise issue on appeal. *Amparan v. Martinez,* 862 S.W.2d 497, 499 (Mo.App. E.D.1993). Compliance is also required because an appellate court should not speculate as to the parameters of the appellant's argument because to do so would cast the court in the role of the appellant's advocate. *Blakey,* 219 S.W.3d at 794. Dismissal is warranted "not for lack of sympathy but rather it is necessitated by the require-

ment of judicial impartiality, judicial economy and fairness to all parties." *Id.* (*quoting Thornton,* 161 S.W.3d at 919).

Rule 84.04 clearly states the requirements for an appellate brief. The brief must contain 1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with corresponding page references, 2) a concise statement of the jurisdictional grounds, 3) a statement of facts, 4) a "Point Relied On" for each issue on appeal, 5) an argument that substantially follows the corresponding "Point Relied On," and 6) a statement of the precise relief sought. Rule 84.04(a).

More specifically, the jurisdictional statement must set forth sufficient factual data to demonstrate the grounds upon which jurisdiction is predicated. Rule 84.04(b). The statement of facts must be fair and concise and relevant to the issue on appeal and not argumentative. Rule 84.04(c). Facts should be followed by the appropriate page reference in the legal file. Rule 84.04(i).

A "Point Relied On" must be included for each claim of reversible error and must identify the challenged administrative ruling, concisely state the legal reasons for the claim and must summarily explain, why, in the context of this case, the stated legal reasons support the appellant's claim. Rule 84.04(d)(2).

The argument section must substantially follow the corresponding "Point Relied On." Rule 84.04(e). In addition, this section must contain a concise statement of the applicable standard of review for each claim of error, and must advise the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e).

1. All subsequent rule references are to Mo. R.    Civ. P.2009, unless otherwise indicated.

In this case, Claimant's brief failed to substantially comply to Rule 84.04 to such an extent that her appeal cannot be reviewed. While Claimant's brief contains a "Table of Contents," it does not contain the required elements. The table of contents only lists the various sections of the brief with reference to the corresponding page number. It does not, as Rule 84.04(a)(1) requires, contain a table of case law and other authority with reference to the corresponding page number.

In addition, the jurisdictional statement lacked the required content as mandated by Rule 84.04(b). Claimant's jurisdictional statement contains no information or reference to the constitutional provisions conferring jurisdiction on this Court. Instead, the jurisdiction statement is an argumentative statement of facts.

Further, the Statement of Facts is deficient. The facts are presented in an argumentative fashion. This section contains no citation to the legal file as required by Rule 84.04(i). Claimant also fails to include a "Point Relied On," as required by Rule 84.04(d)(2). The argument section is equally deficient. The argument does not present any standards of review, binding or persuasive principles of law, or any relevant legal authority to support a claim of error. Finally, Claimant's brief is devoid of any request for relief.

Clearly, Claimant's brief fails to comply with Rule 84.04 requirements. Here, the failure to comply with Rule 84.04 is so substantial that any review would require this Court to reconstruct the facts of the case, speculate about the possible claims of error, and craft an argument on Claimant's behalf. Given these deficiencies, Claimant has preserved nothing for appellate review and, therefore, has not invoked the jurisdiction of this Court. *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App.

E.D.2004). Accordingly, this appeal is dismissed.

### Conclusion

The appeal is dismissed for failure to substantially comply with Rule 84.04.

GLENN A. NORTON, Presiding Judge, and ROY L. RICHTER, Judge, concur.