

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

CHARLES CARMEN,

    Appellant,

vs.

COL. ERIC T. OLSEN, et al.,

    Respondents.

)
)
)
)
)
)
)
)
)
)
)

No. ED108505

Appeal from the Circuit Court
of the City St. Louis
Cause No. 1822-CC11254

Honorable Michael F. Stelzer

Filed: October 20, 2020

### OPINION

Charles Carmen ("Carmen") appeals the judgment of the trial court denying his petition for removal from the sex offender registry. In his sole point on appeal, Carmen argues the trial court erred in concluding that, pursuant to § 589.401, it did not have the authority to remove Carmen from the sex offender registry because the "interpretation relied on is in violation of the open access to courts provision of the Missouri Constitution, violates the rules of [lenity], and is inconsistent with the cannons [sic] of statutory interpretation."[1]

Carmen's failure to comply with the appellate briefing standards of Missouri Supreme Court Rule 84.04 preserves nothing for our review; therefore, we dismiss this appeal.[2]

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. 2019.

[2] All references are to Missouri Supreme Court Rules (2020).

## I.      Discussion

Rule 84.04 sets forth the requirements for appellate briefing. *Bruce v. City of Farmington*, 551 S.W.3d 65, 66 (Mo. App. E.D. 2018). Compliance with Rule 84.04 is mandatory "to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted." *Pearson v. Keystone Temp. Assignment Group, Inc.,* 588 S.W.3d 546, 550 (Mo. App. E.D. 2019). Our Court prefers to decide cases on the merits when possible and, despite an appellant's failure to comply with Rule 84.04, we may exercise our discretion to review an appeal *ex gratia* when the failure does not substantially prevent meaningful review. *McGuire v. Edwards*, 571 S.W.3d 661, 667–68 (Mo. App. E.D. 2019). "However, if the brief is so deficient that we cannot competently rule on the merits without first reconstructing the facts and supplementing the appellant's legal arguments, then nothing is preserved for review and we must dismiss the appeal." *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018).

Carmen's appellate brief violates Rule 84.04 in multiple respects, and we cannot reach the merits of this appeal without becoming Carmen's advocate by searching the record for the relevant facts of the case and crafting a legal argument on his behalf. *See Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 357–58 (Mo. App. E.D. 2019).

First, under Rule 84.04(c), an appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Carmen's statement of facts fails to detail the basic factual background necessary to resolve his claim on appeal; instead, he only provides six numbered paragraphs consisting of a short sentence, and his statement of facts is supported by reference to the trial court's judgment rather than to "specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or

exhibits[,]" as required by Rule 84.04(c). Ultimately, Carmen fails to provide "an immediate, accurate, complete and unbiased understanding of the facts of the case." *Hamilton v. Archer*, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018) (quoting *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo. App. E.D. 2007)).

Second, Carmen fails to comply with Rule 84.04(d)(1), which provides that each Point Relied On must: "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." This rule is not a judicial word game or a matter of hypertechnicality, rather it serves to notify the opposing party of the precise matters under contention and inform our Court of the issues presented for review. *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017); *McGuire*, 571 S.W.3d at 667. Here, Carmen simply asserts the trial court erred in its interpretation of § 589.401 and lists different authorities and canons of statutory interpretation that the trial court's conclusion supposedly violates. While he identifies the ruling challenged, Carmen's Point Relied On fails to concisely state the legal reasons for his claim of reversible error and explain why those legal reasons support his claim of reversible error. *See* Rule 84.04(d)(1); *see also McGuire,* 571 S.W.3d at 667.

Further, Rule 84.04(d)(5) provides that "[i]mmediately following each 'Point Relied On,' the appellant … shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Carmen's Point Relied On is not followed by the authority he primarily relies on to support his claim of error.

Lastly, but most importantly, Carmen's argument section does not comply with Rule 84.04(e). Rule 84.04(e) requires an appellant to restate the Point Relied On at the beginning of the argument section discussing that point. However, Carmen omits this requirement and introduces his argument section by stating:

> The sole issues [sic] in this case is how the recent amendments to SORA should be interpreted. Specifically, the provisions contained within §589.401 RSMo create, for the first time, a mechanism whereby Missourians convicted of sexual offenses may be removed from the sex offender registry after a certain period of time. . . .

Moreover, "[t]o properly brief a case, an appellant is required to develop the issue raised in the point relied on in the argument portion of the brief." *Estate of Hanks,* 589 S.W.3d 604, 606 (Mo. App. E.D. 2019) (internal quotations omitted). Carmen's argument, overall, provides legal conclusions that "are not developed, lack legal analysis and supporting rationale, and are not linked to specific evidence in the case." *Midtown Home Improvements, Inc. v. Taylor*, 578 S.W.3d 793, 797–98 (Mo. App. E.D. 2019). Carmen begins his argument section by introducing the language of § 589.401 and proceeds to argue that the statute has two different, inconsistent interpretations. He substantiates his assertion by listing several questions asking for clarification and interpretation of the statute at issue. Carmen completely fails to construct an argument by explaining "how the principles of law and the facts of the case interact." *King v. King*, 548 S.W.3d 440, 443 (Mo. App. E.D. 2018). "An argument section that presents no legal arguments for reversal and that contains no citations to legal authorities violates Rule 84.04(e) and preserves nothing for appellate review." *Pennington-Thurman v. Bank of Am., N.A.*, 486 S.W.3d 471, 479 (Mo. App. E.D. 2016). "Addressing arguments that a party did not sufficiently develop, would run the risk of creating poor precedent and manipulating the adversarial process." *Hamilton*, 545 S.W.3d at 381 (internal quotations omitted).

In his subsequent arguments, Carmen provides a summary and citations to authority that define and discuss canons of statutory interpretation, but his "argument is insufficient in that it does not explain why, in the context of the case, the law supports the claim of reversible error." *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 500 (Mo. App. E.D. 2010). Carmen wholly fails to demonstrate how the holdings and facts of the cited cases are applicable to the present case. *See Moseley v. Grundy County Dist. R-V Sch.,* 319 S.W.3d 510, 513 (Mo. App. E.D. 2010); *see also Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009) ("Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for appeal."). "Noncompliance with Rule 84.04(e) justifies dismissal, as it is not our duty to supplement the deficient brief with our own research." *City of Bellefontaine Neighbors v. Carroll*, 597 S.W.3d 335, 340 (Mo. App. E.D. 2020) (internal quotations omitted).

Similar to Rule 84.04(c), Rule 84.04(e) requires that all factual assertions contained in the argument "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "Specific relevant cites to the record are mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *P & J Ventures, LLC v. Yi Yu Zheng*, 479 S.W.3d 748, 752 (Mo. App. E.D. 2016) (internal quotations omitted). Throughout his argument section, Carmen's factual assertions lack specific page references to the record on appeal. *See* Rule 84.04(e).

As mentioned above, "the function of an appellate court is not to serve as an advocate for the parties on appeal, and this Court must carefully safeguard its role as a neutral adjudicator." *Hamilton*, 545 S.W.3d at 381. Addressing Carmen's claim on appeal would create the precedent that substandard briefing is acceptable, which it is not. *See Scott,* 510 S.W.3d at 892.

Additionally, "[t]his court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Kieffer v. Gianino*, 301 S.W.3d 119, 121 (Mo. App. E.D. 2010) (quoting *Prosser v. State*, 243 S.W.3d 496, 498 (Mo. App. E.D. 2008)). Carmen's failure to comply with the requirements of Rule 84.04 impedes our ability to reach a disposition on the merits to such an extent that we could not conduct a meaningful review without improperly advocating for him. *See id.* Accordingly, we dismiss this appeal.

## II.    Conclusion

Carmen's failure to comply with Rule 84.04 precludes us from reaching the merits of his appeal and preserves nothing for our review. Thus, this appeal is dismissed.

_____
Colleen Dolan, P.J.

Mary K. Hoff, J., concurs.
Robert M. Clayton III, J., concurs.