

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

ARTHUR JEFFERSON, II,

    Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL
SERVICES,

    Respondent.

No. ED109899

Appeal from the Circuit Court
of Saint Louis County
Cause No. 18SL-CC02856

Honorable Virginia W. Lay

Filed: June 28, 2022

## OPINION

Arthur Jefferson II appeals from the circuit court's judgment granting the Missouri Department of Social Services' motion for judgment on the pleadings. We are unable to reach the merits of this appeal because Appellant's brief falls significantly short of the minimum standards required by Rule 84.04. Among its numerous deficiencies, Appellant's brief contains no statement of facts or any citation to the record. Even more problematically, Appellant's brief contains no Points Relied On as required by Rule 84.04(d). It is impossible for this Court to review the merits of this appeal without first crafting arguments for Appellant and then finding support for those arguments in the record on appeal. In addition to being a misuse of judicial resources, such an undertaking would require this Court to become Appellant's advocate. As a result, the appeal is dismissed.

Rule 84.04 provides a clear and cogent statement of the minimum requirements for appellate briefing. Nevertheless, this Court and the Supreme Court of Missouri have all too frequently been required to remind litigants and their counsel that the rules of appellate procedure exist and are mandatory. *See, e.g.*, *Lexow v. Boeing Co.*, 643 S.W.3d 501 (Mo. banc 2022). The rules are not merely technicalities serving no meaningful purpose. Rather, they ensure that the parties and the court are informed of the precise matters in contention and the appropriate scope of review. *Murphree v. Lakeshore Estates, LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021). This information allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system. *Id.* Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party. *Lexow*, 643 S.W.3d at 509; *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Murphree*, 636 S.W.3d at 624. For these reasons, an appellant's failure to comply with Rule 84.04 in any respect generally preserves nothing for review. *Lexow*, 643 S.W.3d at 509-10.

In recognition that the purpose of the Rules is not served if they are applied in an overly technical manner, this Court has opted to review noncompliant briefs when minor shortcomings did not impair our ability to understand the arguments. *Murphree*, 636 S.W.3d at 624. Our preference is, after all, to decide appeals on their merits. *Id.* But we are also mindful that reiteration of the importance of the Rules "without consequence implicitly condones continued violations and undermines the mandatory nature of the rules." *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, C.J., dissenting). Moreover, when this Court exercises its discretion to review a noncompliant brief, it technically runs afoul of Rule 84.13(a), which instructs that "allegations of error not briefed or *not properly briefed* shall not be considered in any civil appeal[.]" (emphasis added). For these reasons, only minor violations of the Rules should be excused.

Appellant's brief does not contain minor violations. Appellant's brief contains numerous major violations of Rule 84.04 that render it impossible for this Court to meaningfully review the issues without becoming Appellant's advocate. Rule 84.04 contains nine subsections: (a) through (i). Of those, six apply to an appellant's brief. The brief submitted by Appellant in this case violates all six subsections.

Rule 84.04(a) provides that appellant's brief shall contain a table of contents with references to page numbers as well as a table of cases arranged alphabetically. Although Appellant's brief contains a table of contents, it does not reference page numbers. Similarly, Appellant's brief contains a table of authorities, but the case names are not arranged alphabetically.

Rule 84.04(b) requires appellants to include a jurisdictional statement in their briefing. The jurisdictional statement must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." Rule 84.04(b). Appellant makes no reference to any basis for this Court's jurisdiction, thus dismissal is warranted. *McGuire v. Edwards*, 571 S.W.3d 661, 666 (Mo. App. E.D. 2019).

Rule 84.04(c) requires a statement of facts. The statement must "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). It must contain "specific page references to the relevant portion of the record on appeal." *Id.* Here, Appellant's brief is missing a statement of facts of any kind and contains no reference to the record on appeal, not even in the argument section of the brief. "A violation of Rule 84.04(c) standing alone, constitutes grounds for dismissal of appeal." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009).

Appellant's brief does not contain any Points Relied On. Rule 84.04(d) requires the appellant to include a specific section setting forth the claimed points of error, including a list of cases, statutes, and other authority on which the party principally relies. These points are then to be restated at the beginning of each section of the argument that discusses the point. Rule 84.04(e). Appellant's brief contains no separate section for the Points Relied On and lists no primary authority in support of any point. Rather, Appellant's brief starts simply with headings for each portion of the argument.

Even were these headings intended to be Points Relied On, each one fails to meet the basic requirements of Rule 84.04(d) necessary to preserve a point for review. Rule 84.04(d)(1) requires an appellant to "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." It also requires that "[t]he point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Rule 84.04.(d). "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." *Bennett v. Taylor*, 615 S.W.3d 96, 99 (Mo. App. E.D. 2020) (quoting *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). A point on appeal that fails to substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal. *Burgan v. Newman*, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021).

Appellant's argument headings demonstrate that Appellant has not even attempted to follow the format provided by Rule 84.04(d)(1). Appellant's Point I states: "Counsel for

4

Defendant/Respondent failed to provide a written motion for judgment on the pleadings to counsel for Petitioner/Appellant at least five (5) days before a court hearing in accordance with 44.01(d) of Missouri Rules of Civil Procedure." Appellant fails to identify an action or ruling by the trial court that is being challenged. Instead, Appellant directly challenge's counsel's failure to comply with Rule 44.01(d) requiring a written motion and notice of hearing to be served five days before the hearing. Appellant also fails to provide a legal basis for reversal or to explain why the legal basis in the context of this case supports reversal. Appellant's Point I is deficient.

Appellant's Point II states: "The Trial Court erroneously granted Defendant/Respondent counsel's oral motion for judgment on the pleadings based on only one pleading, instead of an overview of the multiple pleadings filed by both parties' counsel during the four (4) year period in which the case was before the trial court." Here, Appellant generally identifies the action of the trial court that he challenges–the order granting motion for judgment on the pleadings. However, Appellant again fails to provide a legal basis for reversal or to explain why the legal basis in the context of this case supports reversal. Appellant's Point II is deficient.

Appellant's Point III states: "The trial court prematurely granted Defendant/Respondent counsel's oral motion for judgment on the pleadings without considering the material issues of fact underlying Petitioner/Appellant's joint stipulation of facts." Here, just like Appellant's Point II, he generally identifies the action of the trial court that he challenges–the order granting motion for judgment on the pleadings. However, Appellant again fails to provide a legal basis for reversal or to explain why the legal basis in the context of this case supports reversal. Appellant's Point III is deficient.

Appellant's argument section fails to comply with Rule 84.04(e). Rule 84.04(e) requires a "concise statement describing whether the error was preserved for appellate review; if so, how it

was preserved; and the applicable standard of review." Appellant's failure to include the applicable standard of review or demonstrate preservation of the alleged errors for review as required by Rule 84.04(e) is grounds for dismissal. *Burgan*, 618 S.W.3d at 717. The purpose of the argument section is to demonstrate how the principles of law and the facts of this case interact to support a claim for reversible error. *Id.* at 715. Appellant's argument section is bare and does not sufficiently develop an argument for reversal. The argument under each of Appellant's headings spans less than one full page and includes a single citation. Although Appellant makes factual assertions, he fails to provide specific page references to the record on appeal as required by Rule 84.04(e). Appellant's argument makes conclusory statements without meaningful legal analysis or supporting rationale. Appellant leaves this Court to construct an argument for reversal on his behalf. We decline to do so. *Coyne v. Edwards*, 395 S.W.3d 509, 520 (Mo. banc 2013).

Appellant's appendix fails to comply with Rule 84.04(h) in multiple ways. First, Rule 84.04(h) explicitly requires an appendix to a brief on appeal to be filed as a separate document. Appellant's appendix was filed together with his brief as one document entitled "Petitioner's Brief and Appendix." Second, Rule 84.04(h) requires the pages in the appendix to be consecutively numbered beginning with page A1. Here, the appendix begins on page nine of Appellant's brief, and each document, not each page, within the appendix is numbered consecutively beginning with "B1." Finally, Rule 84.04(h) requires the appendix to contain the judgment in question. Although a copy of the judgment is located within the legal file, Appellant's appendix does not contain a copy. Appellant's failure to comply with Rule 84.04(h) is sufficient grounds for dismissal of his appeal. *Studt v. Fastenal Co.*, 326 S.W.3d 507, 508 (Mo. App. E.D. 2010).

Due to the significant deficiencies in Appellant's briefing, we must dismiss this appeal.

6

## Conclusion

For the foregoing reasons, the appeal is dismissed.

John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.